# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2820 | **DATE** | May 3, 2013 |
| **CASE TITLE** | David Daniel Brunner (#K-90678) vs. UIC Hospital, et al. | | |

**DOCKET ENTRY TEXT:**

The court construes Plaintiff's trust account statement as a request for leave to proceed *in forma pauperis*. The motion [3] is granted. The court orders the trust fund officer at Plaintiff's place of incarceration to begin making monthly deductions from Plaintiff's account toward payment of the filing fee in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. However, summonses shall not issue at this time. The court on its own motion requests that Joan E. Ahn / Andrew M. Hale & Associates / 53 W. Jackson Blvd., Suite 1800 / Chicago, Illinois 60604 / (312) 870-6911 represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to counsel filing an amended complaint within 60 days, consistent with her obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ [For further details see text below.]                                   Docketing to mail notices.

## STATEMENT

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials and health care providers, have violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, Plaintiff alleges that he has been denied urgently need treatment for urinary and prostate issues.

The court treats Plaintiff's trust account statement as a request for leave to proceed *in forma pauperis*. The request is granted. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived. However, the trust fund officer at Plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from Plaintiff's trust fund account toward payment of the filing fee. *See* 28 U.S.C. § 1915(b)(2). The trust fund office must deduct 20% of the preceding month's income credited to the account. *Id.* Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall identify Plaintiff's name and this and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

**(CONTINUED)**

mjm

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the court finds that Plaintiff has articulated a colorable federal cause of action. Plaintiff alleges that he is experiencing pain and difficulty in urinating, that he is passing blood, that he may have a tumor, and that his penis, testicles, bladder, and rectum are all afflicted. Plaintiff further maintains that a referral to an outside specialist has never been carried out despite his persistent complaints of "major pain of sharp stabbing," burning, and itching. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999).

Due to the serious nature of Plaintiff's allegations, the court hereby requests that Joan E. Ahn / Andrew M. Hale & Associates / 53 W. Jackson Blvd., Suite 1800 / Chicago, Illinois 60604 / (312) 870-6911 represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, she should so inform the court.